IN THE UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

DENNIS SHEEHAN,

      Plaintiff,                              No. CIV S-05-2213 WBS JFM PS

    vs.

PAUL SMITH,

      Defendant.                          <u>FINDINGS AND RECOMMENDATIONS</u>

_____/

        Defendant's motion to dismiss came on regularly for hearing May 25, 2006. There was no appearance for plaintiff. John F. Gisla, Assistant U.S. Attorney, appeared for defendant. Upon review of the motion and the documents in support and good cause appearing therefor, THE COURT FINDS AS FOLLOWS:

        In his verified complaint, plaintiff alleges that defendant, Paul Smith, a United States Postmaster, unlawfully withheld information. Specifically, on October 20, 2005, plaintiff filed a small claims court action against Paul Smith alleging that Mr. Smith unlawfully withheld information concerning Joseph Tuggle's address from September 15, 2005 to October 15, 2005. Mr. Smith was involved in a car accident with a vehicle registered to Joseph Tuggle and plaintiff wanted Tuggle's street address so he could sue Tuggle. It took sixty days for the government to provide plaintiff with Tuggle's street address and plaintiff seeks monetary damages ($2500.00)

1

for the delay.

The United States, on behalf of defendant, removed the action to this court on November 1, 2005.

Defendant's motion to dismiss, filed March 28, 2006, was noticed for hearing on May 4, 2006.  Plaintiff Dennis Sheehan, proceeding pro se, failed to file an opposition and hearing on the pending motion was continued to May 25, 2006.  Plaintiff was granted an extension of time to May 18, 2006 to file an opposition.  On May 19, 2006, plaintiff filed an opposition which stated, *in toto*, "The Plaintiff (Dennis Sheehan) contests the dismissal.  The suit was filed with just cause and should be heard."  (Id.)

Defendant's motion to dismiss was filed pursuant to Fed. R. Civ. P. 12(b)(6).  A complaint, or portion thereof, should only be dismissed for failure to state a claim upon which relief may be granted if it appears beyond doubt that plaintiff can prove no set of facts in support of the claim or claims that would entitle him to relief.  Hishon v. King & Spalding, 467 U.S. 69, 73 (1984) (citing Conley v. Gibson, 355 U.S. 41, 45-46 (1957)); Palmer v. Roosevelt Lake Log Owners Ass'n, 651 F.2d 1289, 1294 (9th Cir. 1981).  In reviewing a complaint under this standard, the court must accept as true the allegations of the complaint in question, Hospital Bldg. Co. v. Rex Hosp. Trustees, 425 U.S. 738, 740 (1976), construe the pleading in the light most favorable to the plaintiff, and resolve all doubts in the plaintiff's favor, Jenkins v. McKeithen, 395 U.S. 411, 421 (1969).

By order filed November 2, 2005, plaintiff was advised of the requirements for filing opposition under the Local Rules.

In its motion to dismiss, defendant states that plaintiff was provided the street address of the post office box holder in question on November 14, 2005.  In his opposition, plaintiff does not dispute that he did receive the information requested and provides no substantive opposition to the motion.  It appears plaintiff seeks damages only for the delay in receiving this information.

1   The Administrative Procedure Act ("APA") waives the government's sovereign
2   immunity in certain actions seeking non-monetary relief with respect to federal agency action.  5
3   U.S.C. § 702.  Plaintiff in this action is seeking $2500.00 in monetary relief.  (Compl. at 4.)  A
4   plaintiff is not entitled to money damages under the APA.  <u>Tucson Airport Authority v. General</u>
5   <u>Dynamics Corp.</u>, 136 F.3d 641, 644 (9th Cir. 1998)(The APA waives sovereign immunity only
6   for claims that are not for money damages).  Because plaintiff has received the information from
7   defendant and he is not entitled to money damages under the APA, defendant's motion should be
8   granted.

9   Therefore, IT IS RECOMMENDED that defendant's March 28, 2006 motion to
10  dismiss be granted.

11  These findings and recommendations are submitted to the United States District
12  Judge assigned to the case, pursuant to the provisions of Title 28 U.S.C. § 636(b)(l).  Within ten days
13  after being served with these findings and recommendations, any party may file written objections
14  with the court and serve a copy on all parties.  Such a document should be captioned "Objections to
15  Magistrate Judge's Findings and Recommendations."  The parties are advised that failure to file
16  objections within the specified time may waive the right to appeal the District Court's order.
17  <u>Martinez v. Ylst</u>, 951 F.2d 1153 (9th Cir. 1991).
18  DATED: May 25, 2006.

UNITED STATES MAGISTRATE JUDGE

/001; sheehan.fr